UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HENRY LEE SHELL, JR.,

    Petitioner,

    v.      CAUSE NO.: 3:16-CV-127-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Henry Lee Shell, Jr., a prisoner without a lawyer, filed a motion he titled as "Motion to Object to Magistrate's Order." (ECF 30.) In the motion, Mr. Shell asserts that the magistrate judge erred by denying his habeas petition pursuant to 28 U.S.C. § 2254 challenging his convictions for dealing in methamphetamine and theft and his fourteen-year sentence by the Miami County Court on July 21, 2011, under cause number 52C01-1001-FB-1 (ECF 1). The order denying Mr. Shell's petition (ECF 28), however, wasn't issued by a magistrate judge, and it isn't subject to review pursuant to Federal Rule of Civil Procedure 72(b). Accordingly, court construes the motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before

the district court rendered a judgment, or to present evidence that was available earlier." Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012).

In denying Mr. Shell's habeas petition, the court determined that some of Mr. Shell's grounds for relief were procedurally defaulted. Mr. Shell's petition challenged the trial court's decision to admit evidence resulting from the stop of the truck and seizure of the pitcher, but Mr. Shell didn't raise these arguments in his direct appeal. Shell v. State, No. 52A04-1107-CR-370, 2012 WL 1655164, *2 (Ind. Ct. App. May 9, 2012). And, while he did raise these arguments in his petition for post-conviction relief, the Indiana Court of Appeals declined to consider these arguments as freestanding claims. The court of appeals instead disposed of Mr. Shell's argument on the basis of an independent state law. Shell v. State, 43 N.E.3d 272 at n. 1 (Ind. Ct. App. Dec. 9, 2015) (table). Thus, this court determined that it was barred from reviewing the merits of Mr. Shell's argument as a freestanding claim, although the argument was addressed in the context of Mr. Shell's ineffective assistance of counsel claims. In his petition, Mr. Shell also argued that the state courts deprived him of his rights under the Due Process Clause and Equal Protection Clause by denying his petition for post-conviction relief, but the court of appeals found that this ground was waived because Mr. Shell did not make a cogent argument, Shell v. State, 43 N.E.3d 272 n. 4,[1] barring this court from reviewing the issue. Because Mr. Shell didn't meet a state procedural requirement, the disposition of Mr. Shell's claim that his

---

[1] The Court of Appeals also found that this argument appeared to be a derivative of his ineffective assistance claims, which were separately found to lack merit. Shell v. State, 43 N.E.3d 272 n. 4.

2

rights under the Due Process Clause and Equal Protection Clause were violated rested on an adequate and independent state ground and so is barred from review by this court.[2]

While a habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure, Mr. Shell didn't present any basis for excusing his procedural default on these claims in his petition. *See* Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Now, Mr. Shell argues that the court's refusal to consider the defaulted claims would result in a fundamental miscarriage of justice because he is innocent. House v. Bell, 547 U.S. 518, 536 (2006). To meet this "actual innocence" exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id.* at 316. The petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

---

[2] Mr. Shell also argued that the Indiana Court of Appeals violated his Due Process rights by not deciding this argument on the merits, but he has no constitutional right to post-conviction process. *See* Flores-Ramirez v. Foster, 811 F.3d 861, 866 (7th Cir. 2016).

3

doubt." Gladney v. Pollard, 799 F.3d 889, 896 (7th Cir. 2015). "[The] evidence must . . . be new in the sense that it was not before the trier of fact." Arnold v. Dittmann, 901 F.3d 830, 836–837 (7th Cir. 2018). "The actual innocence standard is a demanding one that permits review only in the extraordinary case." Coleman v. Lemke, 739 F.3d 342, 349 (7th Cir. 2014). Mr. Shell waived this argument by not raising it in either his petition or traverse, But in any event, he hasn't made the necessary showing. The court stands by its ruling that these claims are procedurally defaulted.

This court addressed Mr. Shell's ineffective assistance of counsel claims on the merits. In his petition, Mr. Shell argued that his trial counsel was ineffective because he didn't impeach three separate witnesses: Joni Espenschied, Officer Josh Maller, [3] and Officer Robert Land. Mr. Shell argued that his trial counsel was ineffective when he failed to impeach Joni Espenschied about her use of a "large amount" of methadone. Her methadone use, however, had already been explored on direct examination, and the court of appeals reasonably determined that there was not a reasonable probability that revisiting this on cross-examination would have led to a different outcome for Mr. Shell. He appears to concede this point, as he indicated in his traverse that he wouldn't be addressing this issue (ECF 12 at 25), and he hasn't revisited this issue in his motion to reconsider.

---

[3] As noted in this court's order denying Mr. Shell's petition, the PCR Court spelled Officer Maller's name as Officer Mailer. This court uses the spelling used in the trial transcript, except when quoting the PCR court.

4

This court also decided that the court of appeals reasonably applied constitutional precedent, *see* Strickland v. Washington, 466 U.S. 668 (1984), when it determined that failure to impeach Officer Josh Maller wasn't ineffective assistance of counsel. The court of appeals addressed Mr. Shell's argument as follows:

> Shell next argues that the testimony of Indiana State Police Officer Josh Mailer, one of the officers who participated in the surveillance of the CPS facility and Shell's arrest, gave trial testimony that was inconsistent with other evidence and that trial counsel should have impeached him with the other evidence. Specifically, Officer Mailer testified at trial that the suspect ran "diagonally northeast from the fence directly to the pole described." *Id.* at 222. He further testified at trial that he could not see which side of the truck the suspect got into, he "could just tell that he went up to the cab and entered it." *Id.* at 223. Shell, once again, has failed to demonstrate a reasonable probability that, but for counsel's cross-examination on these two points, he would have been found not guilty. Officer Mailer testified that he saw a person dressed like Shell take the ammonia, run back to the road near the utility pole, and then a truck stopped near that location. Shell was subsequently found in that pick-up truck. He was the only one wearing similar clothing, and he smelled of ammonia. We see no reasonable probability that impeaching either of these details from Officer Mailer's testimony would have changed the verdict.[2]

Shell v. State, 43 N.E.3d 272 at *4. This determination was reasonable: in light of the description of the suspect's clothes, the similarity of Mr. Shell's clothes to the description, and the strong smell of ammonia coming from Mr. Shell, it was improbable that efforts to impeach Officer Maller about the direction the suspect ran or his inability to see him enter the cab of the truck would have impacted the outcome of Mr. Shell's trial. In reaching this conclusion, this court examined both the "Call Card Report" or "CAD" and the probable cause affidavit that Mr. Shell relies upon in his motion to reconsider. (ECF 30-1). This court has again examined these documents and stands by its ruling.

5

This court also decided that the Indiana Court of Appeals reasonably applied *Strickland* when it determined that failure to impeach Officer Land's testimony did not amount to ineffective assistance of counsel. The court of appeals addressed Mr. Shell's argument as follows:

> Finally, Shell argues that trial counsel was ineffective because he did not impeach Indiana State Police Sergeant Robert Land's testimony about his distance from the scene by holding a ruler to the scaled picture and forcing Sergeant Land to calculate the distance more precisely. Sergeant Land, who was among the officers assigned to the surveillance of CPS on the night Shell was arrested, testified that he was approximately 150 yards from the anhydrous ammonia facility. *Id.* at 315. Trial counsel had another witness, who worked at CPS, use a ruler to calculate the distance to Officer Land's position and he testified that Officer Land's location was closer to 3500 feet away from the facility. *Id.* at 161. Trial counsel highlighted this discrepancy in his closing argument. *Id.* at 352. Additionally, trial counsel elicited testimony on cross examination of Sergeant Land that he was too far away to see the person who got out of the truck clearly enough to offer a description or identification—whether that distance was 150 yards or 3500 feet. *Id.* at 316. Shell fails to explain how a different presentation of Officer Land's location, or the dispute over the distance of Officer Land's location from the anhydrous ammonia tank, would have led to a different result.

Shell v. State, 43 N.E.3d 272 at *5. This is a reasonable application of the *Strickland* standard. The jury knew that there was a discrepancy between Officer Land's estimate of 150 yards and the distance that the other witness measured, and the jury knew that, from his location, Officer Land couldn't describe or identify the suspect. Mr. Shell's trial counsel highlighted this discrepancy in his closing argument. It was reasonable to conclude that cross-examination of Officer Land on this issue would not have a reasonably probable impact on the outcome of this case. The court also stands by this ruling.

Mr. Shell didn't properly raise a claim that his trial counsel was ineffective for failure to more to suppress evidence obtained from the stop of the truck or the seizure of the pitcher, this court considered the argument and determined

that had he raised the argument in his petition rather than his traverse, he wouldn't have succeeded. The court of appeals reasonably applied *Strickland* when it decided that the stop and search of the truck and the seizure of the pitcher were proper. *Id.* The Indiana Court of Appeals found that the stop of the truck was lawful under *Terry v. Ohio*, 392 U.S. 1 (1968).

> Here, officers stopped the truck Shell was riding in because, at a little after 1:00 in the morning, several police officers observed a person get out of a truck, run across a field, enter CPS's property, remove anhydrous ammonia from a tank, and return to the road. A short time later, the truck returned and stopped, and it appeared that the person who had taken the anhydrous ammonia reentered the truck. These facts are sufficient to warrant a *Terry* stop of the truck under both the Fourth Amendment and the Indiana Constitution.

Shell v. State, 43 N.E.3d 272 at *4. The pitcher could be seized without a warrant because it was abandoned. *Id.* The Indiana Court of Appeals noted that "[n]either the Fourth Amendment nor the Indiana Constitution afford any protection for items abandoned in a public location." *Id.* (citing California v. Hodari D., 499 U.S. 621, 629 (1991); Gooch v. State, 834 N.E. 2d 1052, 1053 (Ind. Ct. App. 2005)). The court of appeals reasonably concluded that Mr. Shell hadn't demonstrated his counsel was ineffective because the argument lacked merit and counsel can't be ineffective for failing to raise an issue that lacks merit.

This court also considered whether the Court Indiana of Appeals erred in deciding that the cumulative effect of Mr. Shell's alleged errors didn't show that his trial counsel was ineffective. This court determined that the state court's determination in this regard was not objectively unreasonable. The court of appeals noted that "irregularities which standing alone do not amount to error

7

do not gain the stature of reversible error when taken together." Shell v. State, 43 N.E.3d 272 at *5 (quoting Kubsch v. State, 934 N.E.2d 1138, 1154 (Ind. 2010)). This court determined that it can't make a probabilistic determination that a reasonable jury would reach a different result if trial counsel had examined each of these witnesses as Mr. Shell would have liked. *See* Whitlock v. Godinez, 51 F.3d 59, 64 (7th Cir. 1995). Again, this court stands by its ruling.

Mr. Shell contended that his appellate counsel was ineffective by omitting a challenge to the stop of the truck and seizure of the pitcher from his appeal. This court determined that the court of appeals reasonably applied *Strickland*. The court noted that, when challenging whether appellate counsel waived an issue, the court asks two questions. First, whether the issue that was not raised was significant and obvious from the face of the record. And, second, whether that issue is "clearly stronger" than the issue(s) that was/were raised. *Id.* The court of appeals determined that this claim was a derivative of his claim of ineffective assistance of trial counsel on the failure to challenge the admissibility of the evidence – claims that it had already resolved against Mr. Shell. Shell v. State, 43 N.E.3d 272 at *5. Thus, the Indiana Court of Appeals concluded that Mr. Shell couldn't show that this issue was "clearly stronger" than the issues raised by appellate counsel. This court concluded that the claim doesn't justify habeas relief because appellate counsel can't be ineffective for not raising an issue that has no merit, and it stands by that ruling. Mr. Shell's motion for reconsideration will be denied.

Mr. Shell also filed a motion (ECF 32) requesting a certificate of appealability. This court already determined that a certificate of appealability wouldn't issue. (ECF 28 at 15.) As the court explained then, to obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Nothing in Mr. Shell's motion for reconsideration or his request for a certificate of appealability changes the court's previous determination. As explained in the order denying Mr. Shell's petition, two of Mr. Shell's claims are procedurally defaulted, and he hasn't provided any meritorious basis for excusing his default. As to the claims that weren't defaulted, Mr. Shell did not make a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate the outcome of the petition or find a reason to encourage him to proceed further. *See* Slack v. McDaniel, 529 U.S. at 484. Accordingly, the court declines to issue Mr. Shell a certificate of appealability.

Mr. Shell has also filed a motion (ECF 36, 41) seeking leave to proceed *in forma pauperis*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This court denied Mr. Shell's request for a certificate of appealability because the issues he raised don't present a question that is debatable among jurists of

reason and because he has not presented an argument adequate to deserve encouragement to proceed further. For the reasons stated in this court's order dismissing the petitioner's habeas corpus petition (ECF 28), the court certifies that the appeal is not taken in good faith and Mr. Shell's motion to proceed *in forma pauperis* and accompanying affidavit (ECF 36, 41) will be denied.

For these reasons, the court:

(1) DENIES the defendant's motion seeking reconsideration (ECF 30);

(2) DENIES the defendant's request for a certificate of appealability (ECF 32);

(3) DENIES the defendant's motion to proceed *in forma paueris* on appeal (ECF 36, 41); and

(4) DENIES the defendant's motion requesting ruling on his pending motions (ECF 44) as MOOT.

SO ORDERED on April 18, 2019

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT